UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 09-2085(DSD/SRN)

Merle H. Nieskens and
Caryn L. Nieskens,

    Plaintiffs,

v.                                                                        **ORDER**

John Peter, AmResMortgage, Inc.,
f/k/a Provinet Mortgage Corporation,
Inc., Great Northern Financial
Group, Inc., GMAC Mortgage d/b/a
Homecomings Financial, LLC, Fairway
Title, Vinh T. Huynh, Tischner
Appraisals, Robert Tischner, U.S.
Bank N.A. as Trustee of Unidentified
Special Purpose Vehicle, and
Residential Funding Company,

    Defendants.

    Carl E. Christensen, Esq. and Christensen Law Office,
    1422 West Lake Street, Suite 216, Minneapolis, MN 55408,
    counsel for plaintiffs.

    Erika L. Toftness, Esq., Wendy J. Wildung, Esq. and
    Faegre & Benson, 90 South Seventh Street, Suite 2200,
    Minneapolis, MN 55402, counsel for defendant U.S. Bank
    N.A.

    Todd H. Johnson, Esq. and Oliver & Johnson, 6465 Wayzata
    Boulevard, Suite 304, Minneapolis, MN 55426, counsel for
    defendant AmResMortgage, Inc.

    This matter is before the court on the motion of defendant U.S. Bank N.A. ("U.S. Bank") to dismiss. Based upon a review of the file, record and proceedings herein, and for the following reasons, the court grants the motion.

BACKGROUND

This action arises out of plaintiffs Merle and Caryn Nieskens's ("the Nieskens") refinance of their 2/28 adjustable-rate mortgage ("ARM")[1] with defendant Great Northern Financial Group, Inc. ("Great Northern") in March 2006. Jon Peter ("Peter"), an independent mortgage broker with Provinet Mortgage Corporation,[2] acted as the Nieskens's broker. (Compl. ¶ 18.) According to the Nieskens, Peter advised them that they were eligible for a loan with a fixed interest rate of 6.5% to 6.7%. (Id. ¶¶ 23, 28.)

On March 15, 2006, Peter and Vinh T. Huynh ("Huynh"), a representative of Great Northern, met with the Nieskens to close the mortgage. (Id. ¶¶ 29-30.) The loan presented by Great Northern was a $369,000, 2/28 ARM with an initial, fixed interest rate of 7.250% and an adjustable rate of 4.250% above the 6-month LIBOR index rate. (Id. ¶ 31, Ex. 1.) Great Northern gave the Nieskens written notice of their right to cancel their loan within three days and a written truth-in-lending disclosure statement. (Id. ¶¶ 46-47.) The disclosure statement indicated that the loan had a variable rate, an annual percentage rate of 9.207% and provided the schedule, amount and total of monthly

---

[1] A 2/28 ARM is a 30-year loan with an initial, fixed interest rate for two years, followed by a variable rate for 28 years. Before refinancing, the Nieskens's 2/28 ARM was a $321,000 loan with a fixed rate of 7.35% and an adjustable rate of 6.000% above the 6-month LIBOR index rate.

[2] Now called AmResMortgage, Inc.

payments. (Id. ¶ 47, Ex. 8.) When the Nieskens told Peter that the loan terms were not what they expected, Peter allegedly said that the new loan would lower their monthly interest rate and convert to a fixed rate if the Nieskens timely made payments for one year. (Id. ¶¶ 35-36.) Huynh did not contradict Peter's statements or make any representations regarding the loan. (Id. ¶¶ 37–38.) The Nieskens executed the loan. (Id. ¶ 41.)

The next day, the Nieskens received a letter from Peter congratulating them on their refinance. (See id. ¶¶ 51-54, Ex. 9.) Peter also explained that he had called the loan "convertible" because he was offering to help the Nieskens refinance their loan again after they timely made payments for a year. (Id.) The Nieskens did not rescind the mortgage and began making monthly payments. The Nieskens filed for bankruptcy in February 2008, and last paid their loan in November 2008.

Following foreclosure proceedings, the Nieskens sent notices of rescission to Great Northern and two other defendants on March 14, 2009. (Id. ¶ 83.) On June 20, 2009, after learning that U.S. Bank had acquired the loan, the Nieskens informed U.S. Bank that they sent the notices in March. (Id. ¶ 89.) None of the parties honored the Nieskens's rescission notices. The Nieskens filed this action[3] on August 7, 2009, claiming violation of the Truth in

---

[3] Peter, AmResMortgage, Inc., Great Northern, Tischner Appraisals and Robert Tischner are also defendants in this case.
(continued...)

Lending Act ("TILA"), fraud, negligent misrepresentation, consumer fraud, deceptive trade practices, and violations of the Minnesota Residential Mortgage Originator and Servicer Licensing Act ("MRMO/SLA"). U.S. Bank now moves to dismiss the TILA and MRMO/SLA[4] claims.

**DISCUSSION**

**I. Rule 12(b)(6) Standard**

To survive a motion to dismiss for failure to state a claim, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)). "A claim has facial plausibility when the plaintiff [has pleaded] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007)). Although a complaint need not contain detailed factual allegations, it must raise a right to relief above the

---

[3](...continued)
The Nieskens voluntarily dismissed defendants Huynh, GMAC Mortgage, Fairway Title and Residential Funding Company in September and October 2009.

[4] On October 20, 2009, the Nieskens withdrew their MRMO/SLA claim against U.S. Bank. (See Pls.' Mem. Opp'n 25.) Therefore, the court grants the motion to dismiss this claim as to U.S. Bank.

speculative level. See Twombly, 550 U.S. at 555. "[L]abels and conclusions or a formulaic recitation of the elements of a cause of action are not sufficient to state a claim." Iqbal, 129 S. Ct. at 1949 (quotations and citation omitted).

## II. Truth in Lending Act

The TILA "assure[s] a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available." 15 U.S.C. § 1601(a). The court broadly construes the TILA in favor of consumers. Rand Corp. v. Moua, 559 F.3d 842, 847-48 (8th Cir. 2009). In transactions secured by a principal dwelling, the TILA gives borrowers an unconditional three-day right to rescind. Id. §§ 1635(a), 1641(c). The required disclosures include two copies of a notice of the three-day right to rescind. 12 C.F.R. § 226.23(b)(1). The creditor must also disclose:

> the annual percentage rate, the method of determining the finance charge and the balance upon which a finance charge will be imposed, the amount of the finance charge, the amount to be financed, the total of payments, the number and amount of payments [and] the due dates or periods of payments scheduled to repay the indebtedness ....

15 U.S.C. § 1602(u). These disclosures must be made "clearly and conspicuously in writing, in a form that the consumer may keep." 12 C.F.R. § 226.17(a)(1). If "the required notice or material disclosures are not delivered," a consumer's right to rescind extends to three years. Id. § 226.23(a)(3). Thus, to state a TILA

5

claim, the Nieskens must show that they did not receive the required disclosures or that the disclosures provided were not clear and conspicuous. 15 U.S.C. §§ 1631-1632.

The Nieskens argue that Great Northern failed to provide "clear and conspicuous" disclosure of the terms of the loan and thus they had a three-year extended right of recision. (Compl. ¶¶ 46-47.) The Nieskens do not challenge the adequacy of the disclosures, but rather assert that representations made by their broker rendered the written disclosures of Great Northern unclear. (Id.) The Nieskens urge the court to adopt a "totality of the circumstances" analysis and find that Huynh's silence and Peter's oral representations and subsequent letter violated the TILA. (See id. ¶ 99.) U.S. Bank argues that Great Northern provided clear and conspicuous written disclosures.

The TILA applies to creditors, however, not borrowers' brokers. See 15 U.S.C. § 1602(f). The Nieskens allege no facts suggesting that Peter was a creditor or that he acted or attempted to act as an agent of Great Northern. The Nieskens's argument that Great Northern adopted Peter's statements by silence is also unavailing. See Robbins v. Blanding, 91 N.W. 844, 845 (Minn. 1902) ("A failure to disavow the acts of a mere volunteer, who meddlingly assumes to act without authority, as the agent of another, will not constitute a ratification."). Moreover, the TILA's requirements apply to written disclosures. 12 C.F.R. § 226.17(a)(1). The TILA

6

does not provide relief based solely on oral representations. See Jones v. E*Trade Mortgage Corp., 397 F.3d 810, 813-15 (9th Cir. 2005) (finding contradictory documents about right of refund and oral statement of creditor violated TILA); Polk v. Crown Auto, Inc., 221 F.3d 691, 691-92 (4th Cir. 2000) (per curiam) (finding oral statements insufficient under TILA); Jenkins v. Landmark Mortgage Corp. of Va., 696 F. Supp. 1089, 1093 (W.D. Va. 1988) (finding oral representations by creditor one of several elements of credit transaction). The Nieskens received clear and conspicuous written disclosures of material terms and their right to rescind. The oral statements of their broker did not subvert the plain language of the creditor's disclosures. Therefore, the Nieskens have not alleged facts from which the court can infer a plausible claim under the TILA, and dismissal is warranted.[5]

**III. State Law Claims**

Where, as here, the court dismisses the sole federal claim, and there is no basis for diversity jurisdiction, the court no longer has original jurisdiction over the action and must consider whether to exercise supplemental jurisdiction over the state-law

---

[5] Asserting the same facts as alleged against U.S. Bank, the Nieskens also bring TILA claims against the other defendants. (Compl. 17-19, 29-30.) Based upon the court's determination that the Nieskens have failed to state a plausible claim under the TILA, the court dismisses the TILA claims against all defendants. See Smith v. Boyd, 945 F.2d 1041, 1042-43 (holding that a "district court has the power to sua sponte dismiss a complaint" when patently obvious that plaintiff cannot prevail based on facts alleged).

claims. See 28 U.S.C. § 1367(c)(3); Johnson v. City of Shorewood, 360 F.3d 810, 819 (8th Cir. 2004) (court may sua sponte decline to exercise supplemental jurisdiction over pendent state-law claims when all original jurisdiction claims dismissed). "In the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine ... will point toward declining to exercise jurisdiction over the remaining state-law claims." Id. (quoting Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988)). Therefore, the court declines to exercise supplemental jurisdiction over the Nieskens's remaining state-law claims.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED** that:

1. U.S. Bank's motion to dismiss for failure to state a claim [Doc. No. 19] is granted;

2. The court dismisses the TILA claims against all defendants; and

3. With respect to all defendants, the remaining state-law claims are dismissed without prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  April 21, 2010

                                            s/David S. Doty
                                            David S. Doty, Judge
                                            United States District Court